Good morning, Your Honors. May it please the Court, my name is Fred Schwinn and I represent Joann Riggs, the appellant. All right. Did you want to reserve any time for rebuttal? Two minutes, Your Honor, please. All right. Please proceed. Unless you, the consumer, within 30 days after receiving this notice, disputes the validity of this debt or any portion thereof, we will assume that the debt is valid. That is an appropriate GA-3 validation notice. In this case, Riggs and Prober & Raphael substituted their own language, if I do not hear from you within 30 days, I will assume your debt to Fireside Bank is valid. And for the reasons stated in the brief, this statement doesn't even come close to the required validation notice. It says nothing about disputing the debt. It says nothing about disputing a portion of the debt. It only has this vague reference, if I don't hear from you. Well, where does it say, what's your best authority for the argument that Prober's notice impermissibly required your client to dispute her debt in writing? You rely, I know, on Kashuk versus, I think, Raritan Valley Collection, which is unpublished, but that case did not find a Camacho type of violation. It held a notice was invalid because it required verification and failed to say that only some of the debt could be disputed. So, you know, this might not have been the perfect letter, but what's your best authority that it required your client to dispute in writing? There is no direct authority on point. However, it is not, it does not contain all the component parts required for a GA-3 notice. In order to say that if I don't hear from you means a dispute, with regard to a dispute, you have to read it in context with the paragraph above. I mean, if you go a paragraph above that, it says, I am therefore requesting that you contact this office so that I can arrange repayment. It could mean that if I don't hear from you means that. If this is the GA-3 notice that they intended with regard to disputes, it has to be read in context with the paragraphs above. Otherwise, it doesn't make any sense with regard to disputes. And when you read it in context with the paragraph above, the paragraph above talks about disputes in writing. And therefore, we believe that this seems implicit. Well, part of the problem seems to be the statute. Because the statute talks about what you have to do with, if you want to verify a debt or to do those type of things. And that language comes directly from the statute. And then we have Camacho that says, and we have that. It, you know, if at best, it's inartful or if you want to say confusing, but I'm not seeing where it says you're required, your client is required to dispute the debt in writing. It does not explicitly say that. But it doesn't explicitly say anything about a dispute. Well, Congress has never been gifted with the ability to make clear what they want through the process of compromise, et cetera. We get all sorts of statutes that just simply don't make sense in context. But we're required, because we can't send it back to Congress to redraft it, to come up with something. Now, the Third Circuit has got its view. But the difficulty with the statute, it seems to me, is it's separate parts. If the debtor notifies the debt collector in writing that there's a debt problem, then there's something that happens. The debt collector has to do something. They have to get the materials and send it. But the other part of the statute doesn't require that and anything be in writing. So why can't we just interpret it that way rather than the way the Third Circuit has done it? Well, this Court in Camacho talks about GA3 and the importance of GA3 and the importance of being able to orally dispute debts for credit reporting purposes, for the purposes of only applying payments to undisputed accounts. There's no doubt about that. But if you want to know the evidence of the debt, you've got to do something in writing under the statute. It's a very limited part. And that's a GA4 claim, and we're not talking about a GA4 claim here. The GA4 notice in this letter is proper. The GA3 notice is missing. All together it is. Well, your client didn't do anything, right? Your client didn't do anything. No. This isn't about what my client did or didn't do. This is a regulatory case about whether the letter complies. And, again, we don't believe it does. With regard to the statute being confusing, this statute is almost 35 years old, and hundreds of thousands of collection letters go out every week across the country, and most all of them, and I review hundreds of them a month, have a valid notice. And it's not that difficult to put all five component parts of a 1692 GA notice in the first letter. It happens all the time. But it's only when debt collectors and especially attorneys feel like their wording is better that they start messing with it and rearranging the order and trying to get cute like saying if I don't hear from you within 30 days. That is what the problem is here. If they had just used the standard verification notice that all debt collectors use, then this wouldn't have been a problem. But they wanted to play with the language. So the standard, what are they supposed to say? Do not hear from you by phone or in writing? No. No. Unless the consumer disputes the debt or any portion thereof within 30 days of receiving the letter, the debt collector will assume the debt is valid. How is that clear? Because then if I don't hear from you. Hear from you with regard to what? With regard to a payment as in the second paragraph. It says contact me so I can arrange a payment. So if you don't contact me with regard to a payment, then I'll assume it's valid. That's not what the G notice is about. The G notice is about the first letter to a consumer outlining what the consumer's rights are. Whether the consumer invokes those rights or does anything doesn't really matter. This is a regulatory case about whether the letter violates. Mr. Schwinn, your position is not that the notice requires the debtor to dispute in writing. It's that the language of the validation notice doesn't conform with what you consider to be the standard language. It says if we don't hear from you rather than if you claim there's a dispute. Right. My first argument is there's no GA3 notice in this letter. My second argument is if you think that if I don't hear from you within 30 days is referring to a dispute and therefore would qualify as a GA3 notice, then the dispute language has to come from the paragraph above. And if you're going to borrow dispute language, you have to borrow the in writing language as well. You can't borrow just the dispute language without the in writing language. I would like to reserve the balance of my time. Okay. Thank you. Good morning, Your Honors. May it please the Court, Jonathan Blute for the defendants and appellees, Prober and Raphael. Judge Callan, I think at the beginning you made a question, where is the authority? What's my best or I'm sorry, what's Mr. Schwinn's best authority as to why this violates the letter of law? And, frankly, there is no directly on point authority. So in this circuit, I think the best place to look would be Camacho. And at the very end of the Camacho opinion, the Court notes that the language of the statute itself is not confusing or would not be misleading to the least sophisticated debtor. And the language of the statute itself sets forth, very similarly to the way the validation letter sets forth, the GA notices, it lays out the two writing requirements and it lays out the dispute of validity requirement. Similarly to the validation notice, it doesn't set forth specifically that the validation dispute has to be or can be oral. There's just, there's no, it's silent as to that issue. And in the same way that the statute is silent as to that issue, so is the validation letter. So for that reason, being that we're in the Ninth Circuit, I think that the place to start as to the analysis would be Camacho and the fact that the statute itself has been found not to be confusing to the least sophisticated debtor. With respect to whether or not the letter contains the entire GA-3 notice required, it's actually more broad than the GA-3 notice. The GA-3 notice just says that you can dispute a portion or the entire debt if you contact the debt collector, whereas the validation letter says just contact the debt collector. Contact us for any reason, and we won't presume that this debt is valid. There's nothing in the statute or any of the case law that says that the statute needs to be quoted verbatim. The point is you just need to get the point of these notifications across. And merely asking the debtor to do that. Kennedy, you don't mean, I don't think you mean what you said. Any contact by the debtor with the creditor would mean that the creditor would not presume the debt valid? Well, Your Honor, I mean, that's what it says in the letter, Your Honor. If I don't hear from you, I will. So if the person calls up and says this is a valid debt, then he's heard from you, and therefore the debt's not valid. That's a fair point, Your Honor. But I think it's implied in the language that if you simply contact, if you do not contact the debt collector, then it's going to be presumed valid. So it follows, therefore, that if you do contact the debt collector, it won't be presumed valid. So for that reason, it's even more broad than the GA3 requirement. What about the other circuits? If this statute's been around so long, there must be a ton of cases out there. Your Honor, I wish there were, but, you know, frankly, I think based on the briefs, neither my opponent nor I have been able to find anything directly on point. Everybody likes to unpublish this one because it's too complicated, I suppose. But what about the Third Circuit case? Is that – I'm sorry. Which case are you referring to, Your Honor? I'm sorry. I thought everybody knew the Third Circuit case. I didn't know it by name. I think it's Camposano-Burgess. Is that the one? No. Yeah, that's it. Camposano-Burgess. The one that says everything's got to be in writing. I'm sorry. The one that says what, sir? As I recall, it says everything should be in writing. It says – I'm sorry. I couldn't hear, Your Honor. I think it said everything had to be in writing. Well, Your Honor, that's not the state of the law. In the Ninth Circuit, Camacho directly would contradict that and says that the GA-3 notice does not have to be in writing. But again, Camacho does not say that the GA-3 notice has to specifically state that the dispute can be oral. It merely says or implies, rather, that it's okay if the notice is silent on that issue. Well, I think the Third Circuit, what it said was that a communication is deceptive for purposes of the act if it can be reasonably read to have two or more different meanings, one of which is inaccurate. Sure, Your Honor. And again, I would say that I think Camacho dealt with that aspect. Camacho directly addressed whether or not the language of the statute, which is similar to the language of the validation letter here, is misleading or confusing to the least sophisticated debtor, which is the standard in the Ninth Circuit. So regardless of what was the specific language that the Third Circuit used, I think Camacho would be on point in that case in stating that it's okay if you don't specifically specify what mode the communication can take with respect to the GA-3 notice. It's okay if you just leave it silent as to that issue. And the fact that a notice that is silent to that issue happens to be next to a GA-4 and a GA-5 notice, as Camacho states, doesn't make it confusing or misleading. And that is the standard in the Ninth Circuit. It's whether or not the least sophisticated consumer would be misled or confused. So, frankly, I think Camacho disposes of that worry, Your Honor. And I would also – well, since I have a little more time, I would also state that even if we are going to analyze the Third Circuit standard, the validation letter is not susceptible to two meanings. I mean, frankly, Your Honors, you could make anything susceptible to two meanings, but the fact that it specifically states writing requirements with respect to the GA-4 and GA-5 notifications and does not, merely says, if I hear from you, in connection with earlier in the letter saying, I'd like you to contact me to discuss the debt, the fact that it merely says, if I hear from you, when contrasted with the two writing requirements found above, is pretty clear that you don't need to contact the creditor – I'm sorry, the debt collector in writing in order to dispute the debt. And that, once again, complies with GA-3 and it complies with Camacho. If there are no further questions, Your Honors, I would submit all of these.  GOTTLIEB. There do not appear to be additional questions. Thank you. MR. MCCACHO. I do believe that it is susceptible to more than one meaning. If I don't hear from you within 30 days, hear from you with regard to what? With regard to a payment? With regard to making payment arrangements? With regard to admitting the debt is valid? It doesn't say anything about disputes. I think context and the order in which the notice is put together is important in this case. With regard to Camacho, I think Camacho is the leading case on this issue and the case that you would first have to go to. But let's remember that in Camacho, the letters require the GA-3 dispute be in writing. Camacho required all disputes to be put in writing, and this Court said no, the GA-3 notice does not require writing. Now, you don't have to tell the debtor that it doesn't require writing, but you certainly can't say that it does. This case is slightly different because the notice doesn't say anything about disputes, doesn't say anything about disputing a portion of the debt, and the hear from you could be a writing, could be something else, but if it's going to relate to disputes, it has to be in the context. Also, the notice on the back, the consumer notice on the third page unnecessarily restates the GA-4 and the GA-5, which both require writing. Conspicuous by its absence is a GA-3 notice. Now, they don't have to put it in there twice. I'm not saying they do. But what I'm saying is if you read this letter in full, all three pages, an unsophisticated consumer certainly could come away with the idea that all disputes must be put in writing. With that, I submit. All right. Thank you both for your argument. This Court stands recessed until tomorrow at 9 o'clock.
judges: Wallace, Callahan, Bea